# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ESTELLA WRIGHT,

    Petitioner,

vs.                                       Case No.:    3:15-cv-1207-J-32PDB
                                                                             3:13-cr-20-J-32PDB

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER TO EXPAND THE RECORD

This case is before the Court, <u>sua sponte</u>, on Petitioner Estella Wright's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1),[1] the United States's Motion to Dismiss (Doc. 10), and Petitioner's Response to the Motion to Dismiss (Doc. 11). The United States has moved to dismiss Petitioner's § 2255 motion because it was filed more than a year after her conviction and sentence became final. (Doc. 10); <u>see also</u> 28 U.S.C. § 2255(f)(1). Petitioner has responded that she did not know the one-year statute of limitations was running because she had requested that counsel file a notice of appeal. Petitioner contends that counsel led her to believe that he was pursuing an appeal, and therefore she believed an appeal was pending – or at least, she believed an appeal was pending until sometime before June 5, 2015, when

---

[1] Citations to the docket in the underlying criminal case, <u>United States of America vs. Estella Wright</u>, 3:13-cr-20-J-32PDB, will be denoted as "Crim. Doc. \_\_." Citations to the record in the civil § 2255 case, Case No. 3:15-cv-1207-J-32PDB, will be denoted as "Doc. \_\_."

1

counsel notified Petitioner that their relationship was terminated. (See Doc. 10 at 1). Petitioner alleges that before then, she had made several efforts to contact counsel, but she had not been informed that the relationship was terminated. Because Petitioner allegedly believed, up until June 5, 2015 or shortly before then, that an appeal was pending, she supposedly would not have known that her conviction and sentence had become final.

The Court construes the pleadings of pro se litigants liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). So construing Petitioner's pleadings, they suggest either that Petitioner filed her ineffective assistance claim for failure-to-appeal within one year of the date on which due diligence would have uncovered the supporting facts, see 28 U.S.C. § 2255(f)(4), or that the statute of limitations should be equitably tolled. See also Aragon-Llanos v. United States, 556 F. App'x 826, 828-29 (11th Cir. 2014) (although not filed within one year of when judgment became final, § 2255 motion could still be timely if it was filed within a year of when petitioner learned that attorney failed to file a requested appeal, where the attorney allegedly misled petitioner into believing an appeal was pending); Kicklighter v. United States, 281 F. App'x 926, 931 (11th Cir. 2008) (same).

Because Petitioner's Motion to Vacate appears untimely under § 2255(f)(1),[2] the timeliness issue turns on when Petitioner learned, or could have learned through the exercise of due diligence, that no appeal had been filed.

---

[2] This does not constitute a final determination on this matter. However, the Court notes that judgment was entered on January 13, 2014. (See Crim. Doc. 62). As Petitioner did not appeal, her conviction and sentence became final on January

2

Pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings in the United States District Courts, a court has the authority to "direct the parties to expand the record by submitting additional materials relating to the motion." Fed. R. § 2255 P. 7(a). The types of materials that a court may order to be submitted include "letters predating the filing of the motion, documents, exhibits," answers under oath to interrogatories written by the judge, and affidavits. Fed. R. § 2255 P. 7(b). The Supreme Court has said that this provision enables a court to expand "the record to include any appropriate materials that enable the judge to dispose of some habeas petitions not dismissed on the pleadings without the time and expense required for an evidentiary hearing." Blackledge v. Allison, 431 U.S. 63, 82 (1977) (internal quotation marks omitted).

Importantly, the Court's authority to expand the record is not limited to directing only the immediate parties, i.e., the United States and Petitioner, to submit materials. Rather, "[t]he Court can require this evidence directly from [Petitioner's] former attorney." Brown v. United States, Case No. 2:06-cv-559-FtM-33DNF, 2007 WL 853479, at *1 (M.D. Fla. Mar. 19, 2007); see also Fed. R. § 2255 P. 7, advisory committee's note ("Revised Rule 7(a) is not intended to restrict the court's authority to expand the record through means other than requiring the parties themselves to provide the information."); Blackledge, 431 U.S. at 82 n.25 ("[B]efore dismissing facially inadequate allegations short of an evidentiary hearing, ordinarily a district

---

27, 2014, upon expiration of the 14-day period for filing a notice of appeal. Under 28 U.S.C. § 2255(f)(1), Petitioner had until January 27, 2015 to file her motion to vacate, but she did not do so until October 6, 2015 (see Doc. 1 at 16).

judge should seek as a minimum to obtain affidavits from all persons likely to have firsthand knowledge" of the matter.).

Accordingly, the Court will direct Petitioner's former counsel, John Leombruno, Esq., to answer under oath the questions set forth by the Court below. Additionally, the Court will direct counsel to submit any letters or other records of correspondence between counsel and Petitioner that relate to appealing her conviction and sentence. The Court will further direct the United States to file an affidavit describing any relevant knowledge it may have to this matter, if any. This Order should not be construed as prejudging the merits of Petitioner's assertions, but only an effort to expand the record in order to facilitate the Court's review. Moreover, the Court opines that this Order will not in any way compromise the attorney-client privilege. Petitioner has waived that privilege, with respect to any communications between herself and counsel concerning an appeal, by putting those communications at issue through her ineffective assistance allegation. See Crutchfield v. Wainwright, 803 F.2d 1103, 1121 (11th Cir. 1986) (Edmondson, J., concurring) (when defendant has challenged conviction by asserting issue that makes privileged communications relevant, he waives privilege with respect to those communications), abrogated on other grounds by United States v. Cavallo, 790 F.3d 1202 (11th Cir. 2015) ; Laughner v. United States, 373 F.2d 326, 327 (5th Cir. 1967) (where client, in a collateral proceeding, alleges breach of a duty owed him by attorney, "we have not

4

the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue").[3]

Accordingly, it is hereby

**ORDERED:**

1. No later than **April 22, 2016**, **John Leombruno, Esq.**, should submit an affidavit answering the following questions under oath:

    a. Did Petitioner Estella Wright specifically instruct counsel to appeal her conviction and sentence in Case No. 3:13-cr-20-J-32PDB? If so, approximately when?

    b. If Petitioner did not specifically instruct counsel to appeal, did Petitioner otherwise indicate an interest in appealing?

    c. If Petitioner indicated an interest in appealing, did counsel discuss an appeal with Petitioner? What was the conclusion of this discussion, and approximately when did it occur?

    d. Did counsel tell Petitioner that he was pursuing an appeal on her behalf?

    e. Alternatively, did counsel advise Petitioner that there would not be an appeal? If so, approximately when did counsel so advise Petitioner?

---

[3] The decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981).

2. No later than **April 22, 2016**, **John Leombruno, Esq.,** should also submit copies to the Court of any letters or other records of correspondence between Petitioner and counsel, or other support personnel, relating to an appeal.

3. No later than **April 22, 2016**, the **United States** should submit an affidavit describing what knowledge it has, if any, relevant to this matter.

4. The Court directs **the United States** to serve a copy of this Order on Petitioner's former attorney, **John Leombruno, Esq.**. forthwith.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of February, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:

John Leombruno, Esq.,
Arnold Law Firm
6279 Dupont Station Court
Jacksonville, FL 32217

Pro se petitioner

Counsel of record